**Delia R. DICKEY, Appellant,**

v.

**Willie GREENE, Individually and as Executive Director of Region P. Human Development Agency, Inc.; Alice Faye Baker, Individually and as Chairman of Head Start Policy Council and Eulus G. King, Individually and as Chairman of the Board of Region P. Human Development Agency, Inc., Appellees.**

**No. 82–1779.**

United States Court of Appeals, Fourth Circuit.

Argued March 7, 1983.

Decided May 31, 1983.

---

John H. Harmon, New Bern, N.C., for appellant.

Jill R. Howard, Jacksonville, N.C., for appellees.

Before WIDENER, HALL and MURNAGHAN, Circuit Judges.

K.K. HALL, Circuit Judge:

Plaintiff, Delia R. Dickey, filed this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1983, claiming that she had been wrongfully discharged from her employment with the Region P. Human Development Agency, Inc. (Region P) because of sex discrimination. Dickey appeals from an order of the district court, dismissing her Title VII claim for lack of subject matter jurisdiction.[1] Finding no reversible error, we affirm.

In March, 1982, plaintiff filed suit against three defendants, Willie Greene, Alice Faye Baker, and Eulus G. King. Greene is Region P's Executive Director, Baker is chairman of the Head Start Policy Council and King is chairman of Region P's Board of Directors. All three defendants were sued individually and in their respective official capacities. According to Dickey's complaint, she had been employed with Region P's Head Start Program for the school year beginning September, 1975, and ending May, 1976. Dickey alleged that during the course of her nine-month employment she had been sexually harassed by defendant Greene and in September, 1976, had been discharged by Greene because of her refusal to succumb to his advances.

Before bringing this suit, Dickey had filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).[2] Dickey's charge is repro-

---

1. Dickey's § 1983 claim was also dismissed for failure to allege that any of defendants' actions were done under color of state law. On appeal, plaintiff does not challenge this aspect of the court's ruling.

2. At oral argument we permitted Dickey to supplement the appellate record with a copy of the formal charge of discrimination which she had filed with the EEOC on August 8, 1981. This document replaces the missing original charge, which had been filed in October, 1976. The record, however, does not reveal what, if anything, occurred at the agency level in this matter between 1976 and 1981.

duced as Appendix A following this opinion. On the charge form, only Region P was named in the space designated for listing the employer or employers who had discriminated against Dickey. Below this space, in the narrative section of the charge form denominated "particulars," Dickey stated as follows: "Rev. Greene often made vulgar remarks in front of me [and] Rev. Greene often made sexual advances to me and I was afraid to work in the same office with him." Nowhere on the form do the names of Baker or King ever appear.

Because Dickey had named Region P as the respondent in her charge with the EEOC, and not the three defendants she later named in her complaint, the district court ruled that Dickey had failed to meet the jurisdictional requirements for filing a Title VII suit and dismissed the complaint for lack of subject-matter jurisdiction. On appeal, Dickey contends that because she referred to defendant Greene in the narrative portion of the charge form, her suit, at least as far as Greene is concerned, should be allowed to proceed. We find no merit in this contention and conclude that Dickey's suit was properly dismissed because it was brought against parties not named in the charge.

According to the pertinent provisions of 42 U.S.C. § 2000e-5(b):

> Whenever a charge is filed by or on behalf of a person claiming to be aggrieved, or by a member of the Commission, alleging that an employer, employment agency, labor organization, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, has engaged in an unlawful employment practice, the Commission shall serve a notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) on such employer, employment agency, labor organization, or joint labor-management committee (hereinafter referred to as the "respondent") within ten days, and shall make an investigation thereof. Charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission

requires. : . . If the Commission determines after such investigation that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion.

In addition, 42 U.S.C. § 2000e-5(e) also requires that notice of the charge "be served upon the person against whom such charge is made." In the event that the EEOC is unable to secure from the respondent an acceptable conciliation agreement, then "a civil action may be brought *against the respondent named in the charge* . . . by the person claiming to be aggrieved. . . ." (Emphasis added). 42 U.S.C. § 2000e-5(f)(1).

■ These statutory provisions leave no uncertainty that in order to satisfy the jurisdictional prerequisites of a Title VII suit, a charge must first be filed with the EEOC against the party sued. *Mickel v. South Carolina State Employment Service,* 377 F.2d 239 (4th Cir.), *cert. denied,* 389 U.S. 877, 88 S.Ct. 177, 19 L.Ed.2d 166 (1967); *Williams v. General Foods Corp.,* 492 F.2d 399 (7th Cir.1974); *Bowe v. Colgate-Palmolive Co.,* 416 F.2d 711 (7th Cir.1969). This requirement is no mere technicality. As the Seventh Circuit pointed out in *Bowe,* it "serves two important purposes. First, it notifies the charged party of the asserted violation. Secondly, it brings the charged party before the EEOC and permits effectuation of the Act's primary goal, the securing of voluntary compliance with the law." *Id.* at 719.

■ In *Mickel, supra,* the plaintiff job applicant had filed an EEOC charge against an employment service but not against the prospective employer that had refused to hire her. Mickel's later suit against the employer was dismissed for failure to meet the jurisdictional prerequisites of Title VII. We affirmed, holding that a plaintiff who had filed no charge with the EEOC against his employer was barred from later filing a Title VII suit against that employer. We find *Mickel* to be indistinguishable from the present case. Like Mickel, Dickey sued par-

ties that had not been named in her EEOC charge. Furthermore, the allegations in her complaint do not correspond to the statements in her charge. According to Dickey's complaint, defendant Greene discharged her from her job, but her EEOC charge clearly states that it was the "respondent," Region P, that discharged her allegedly without reason. The facts set forth by Dickey in her charge, including the reference to Greene in the narrative portion of the charge, can in no way be viewed as sufficient under the statute to charge Greene and thus to require the EEOC to enter into the obligatory conciliation proceedings with Greene. Moreover, there is nothing in the record to suggest that Greene was ever involved in any conciliation efforts.

Nor do we find present in this case any circumstances which might warrant an exception to the statutory requirements.

Contrary to plaintiff's assertion in her brief, the EEOC charge form included additional space for Dickey to list the name, address, and telephone number of more than one employer who may have discriminated against her. Nonetheless, this additional space was left blank on the form completed by Dickey and only Region P was named. Moreover, when the complaint in district court was filed, Dickey was represented by counsel, who knew or should have known the procedure for bringing Region P into this lawsuit as a party defendant. No amended complaint was ever filed and there is no indication in the record that leave to amend the complaint was ever requested, even after the error was raised by defendants in their motions to dismiss.

Accordingly, for the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED.

## APPENDIX A

**(PLEASE PRINT OR TYPE)**

| APPROVED BY GAO<br>B—180541 (RO510)<br>Expires 1-31-81 | CHARGE OF DISCRIMINATION<br>IMPORTANT: This form is affected by the Privacy Act of 1974; see Privacy Act Statement on reverse before completing it. | CHARGE NUMBER(S) (AGENCY USE ONLY)<br>☐ EEOC<br>045770151 |
|---|---|---|

Equal Employment Opportunity Commission

NAME (Indicate Mr., Ms. or Mrs.)
Ms. Delia R. Dickey

HOME TELEPHONE NUMBER (Include area code)
919–799–0499

STREET ADDRESS
Lot 44 Grove Park Estates

CITY, STATE, AND ZIP CODE
Wilmington, N.C. 28403

COUNTY

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME. (If more than one list below).

NAME
Region P Human Development Agency, Inc.

TELEPHONE NUMBER (Include area code)
919–347–2151

STREET ADDRESS
P.O. Drawer X

CITY, STATE, AND ZIP CODE
Jacksonville, N.C. 28540

NAME

TELEPHONE NUMBER (Include area code)

STREET ADDRESS

CITY, STATE, AND ZIP CODE

CAUSE OF DISCRIMINATION BASED ON MY (Check appropriate box(es))

☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN  ☐ OTHER (Specify)
Black  Female

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (Month, day, and year)
Approximately May 15, 1976

THE PARTICULARS ARE:

I. Respondent discharged me from my Head Start position effective May 15, 1976.

II. Respondent gave me no reason for this action and I was led to believe that I would be rehired the beginning of the new school year.

III. I believe that I was discriminated against because of my race, black and sex, female in that:

a. Personnel were retained that were less reliable and less dependable than I was.

b. Rev. Greene often made vulgar remarks in front of me.

c. Rev. Greene often made sexual advances to me and I was afraid to work in the same office with him.

(Charge was originally filed on October 18, 1976)

I will advise the agency if I change my address or telephone number and I will cooperate fully with it in the processing of my charge in accordance with its procedures.

I declare under penalty of perjury that the foregoing is true and correct.

DATE: _____ CHARGING PARTY (Signature) _____

EEOC FORM 5, MAR. 79    PREVIOUS EDITIONS OF ALL EEOC FORM 5'S ARE OBSOLETE AND MUST NOT BE USED

CHARGE FILL

---

MURNAGHAN, Circuit Judge, dissenting:

Perceiving the result reached by the majority to be unjust, I respectfully dissent. The majority opinion not only creates a formidable obstacle to an individual plaintiff's quest for vindication of her civil rights, but also, undermines generally the remedial nature and statutory objectives of Title VII.

Dickey alleged below that during the course of her nine-month employment with the Region P. Human Development Agency she had been harassed sexually by defendant Greene and, in September, 1976, had been discharged from her employ with Region P, by Greene, because of her steadfast refusal to succumb to his advances. Immediately after her firing, in October, 1976, Dickey filed a charge of discrimination with the EEOC. The power to hear charges against persons engaging in discriminatory, and hence unlawful, employment practices, is initially vested with the EEOC. 42 U.S.C. § 2000e–5(a).[1]

Dickey had to refile her 1976 complaint with the EEOC in August, 1981. Ostensibly, the EEOC lost or misfiled the original document. It is quite possible that Dickey's original charge satisfied the hypertechnical requirements of the majority.[2] After the EEOC's belated issuance of a right to sue letter, Dickey promptly filed an action in federal district court.[3]

Title VII authorizes a civil action against a respondent named in a charge previously lodged with the EEOC. 42 U.S.C. § 2000e–5(f)(1); *Mickel v. South Carolina State Employment Service,* 377 F.2d 239, 242 (4th Cir.1967), *cert. denied,* 389 U.S. 877, 88 S.Ct.

1. The filing of a timely charge of discrimination with the EEOC is a jurisdictional prerequisite to the institution of a lawsuit. *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974).

2. Indeed, the EEOC has twice amended its charging form since 1976.

3. A civil action may be commenced by a person aggrieved if brought within 90 days of the issuance of an EEOC right to sue letter. 42 U.S.C. § 2000e–5(f)(1). Thus, where an aggrieved person satisfies the statutory requirements, subject matter jurisdiction is divested from the EEOC and transferred to the United States District Court. *Id.*

177, 19 L.Ed.2d 166 (1967).[4] Omission of a party's name from the body of a charge, however, does not automatically mandate dismissal of a subsequent action under Title VII.[5] *Romero v. Union Pacific Railroad,* 615 F.2d 1303, 1311 (10th Cir.1980). *See, e.g., Shehadeh v. Chesapeake & Potomac Telephone Co.,* 595 F.2d 711, 728 (D.C.Cir. 1978) (charge sufficient where defendant informally referred to in the *body* of the charge); *Glus v. G.C. Murphy Co.,* 562 F.2d 880, 887–88 (3d Cir.1977), *cert. denied,* 449 U.S. 949, 101 S.Ct. 351, 66 L.Ed.2d 212 (1980) (charges sufficient where there is enough identity of interest between respondent and defendant to satisfy the notice requirement of Title VII).

"EEOC charges must be construed with utmost liberality since they are made by those unschooled in the technicalities of formal pleading."[6] *Kaplan v. Int'l Alliance of Theatrical & Stage Employees & Motion Picture Operators,* 525 F.2d 1354, 1359 (9th Cir.1975). *See EEOC v. Western Publishing Co., Inc.,* 502 F.2d 599, 602–603 (8th Cir.1974) ("lay complainants' charges are to be construed broadly in a liberal manner in order to effect the 'remedial and humanitarian underpinnings of Title VII and of the crucial role of private litigants in the statutory scheme' "); *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 465 (5th Cir. 1970) ("It would falsify the Act's hopes and ambitions to require verbal precision and finesse from those to be protected.").

Title VII, therefore, does not demand procedural exactness from lay complainants. "It is sufficient that *the EEOC be apprised, in general terms,* of the alleged discriminating *parties* and the alleged discriminatory acts." *Kaplan, supra,* 525 F.2d at 1359 (emphasis supplied). *Cf. Russell v.*

*American Tobacco Co.,* 528 F.2d 357, 365 (4th Cir.1975), *cert. denied,* 425 U.S. 935, 96 S.Ct. 1666, 48 L.Ed.2d 176 (1976) (charge need not be phrased with the specificity of a legal pleading, if it notifies the EEOC that the defendants have acted discriminatorily).

Here, in contrast, the majority has held the plaintiff to an unreasonably high standard of legal draftsmanship. Dickey is to be denied her day in court, not because she did not name at least one defendant on the EEOC charge form, but because she did not place the defendants' names on a particular line of the EEOC form.

The inequity of such a technical requirement is manifest, in that Dickey accurately completed the EEOC's form, according to its instructions. The particular section of the form in which the majority would demand that a plaintiff list all the individual defendants is captioned:

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME. (If more than one list below).

(Appendix A). Dickey filled in the name of her technical employer, Region P. Human Development Agency. (Greene, Baker and King are all agents of Region P by virtue of their official capacities). Moreover, the caption clearly suggests that the complainant should list an institutional employer, rather than its officials. On the same form the EEOC has provided a section entitled, "PARTICULARS ARE." (*Id.*). In that section, Dickey specifically cited Greene as the individual who sexually harassed her on the job.[7]

---

**4.** In *Mickel* there was no mention whatever of the party whom the plaintiff sought to sue. Here, in striking contrast, Greene is not only mentioned but the charge of sexual harassment by him is made explicit. Furthermore, the association, if any, between a corporation interested in hiring and a State agency designed to promote employment was tenuous. Here, however, we have an employer, Region P, and its executive director.

**5.** The federal regulations exact no more for a satisfactory charge than "a written statement

sufficiently precise to identify the parties and to describe generally the action or practices complained of." 29 C.F.R. § 1601.11 (1982).

**6.** *See also* 29 C.F.R. § 1601.34 (1982) ("These rules and regulations shall be liberally construed to effectuate the purpose and provisions of Title VII.").

**7.** "Rev. Greene often made vulgar remarks in front of me.... Rev. Greene often made sexual advances to me and I was afraid to work in the same office with him." (Appendix A).

· Although Baker and King were not named in the EEOC charge, Dickey's statements on the EEOC charging form provided clear and concise notice to the EEOC of her complaint that Greene had discriminated against her.

Therefore, for the aforementioned reasons, I would affirm that part of the district court's decision dismissing the complaint as to Baker and King and reverse that portion of the district court's decision dismissing the complaint against Greene. I respectfully dissent.

