David KISSI

v.

Walter WRISTON, Chairman, Citicorp, and Ruud Coster, Assistant Vice President, Citicorp.

Civ. No. JH–82–3762.

United States District Court,
D. Maryland.

Dec. 16, 1983.

David Kissi, pro se.

G. Stewart Webb, Jr. and Venable, Baetjer & Howard, Baltimore, Md., and Bettina B. Plevan and Proskauer, Rose, Goetz & Mendelsohn, New York City, for defendants.

## MEMORANDUM

JOSEPH C. HOWARD, District Judge.

Pending before the Court is the defendants' joint motion to dismiss the instant Title VII suit alleging discrimination in hiring practices based on plaintiff's race and national origin. Plaintiff, proceeding *pro se*, was advised of his right to respond thereto, and did so on two occasions. Defendants replied to each of plaintiff's responses and filed a final supplemental authority in letter format in July of this year. In each instance, defendants raised the same grounds challenging the Court's jurisdiction over the subject matter. No hearing will be necessary to resolve this issue. Local Rule 6(E).

The facts giving rise to this action are set out below. Plaintiff is a black male Ghanaian-born American citizen, who has acquired both post-graduate education (Master's Degrees in Administration and Economics) and relative fluency in the English language. In late 1981, he applied for employment with Citibank. However, he was not offered any one of at least three positions available in the Merchant Banking Group of Citibank, nor was he hired by its Middle East and African Group. Plaintiff filed a timely charge of discrimination against "Citibank International" with the Equal Employment Opportunity Commission ("EEOC") in May of 1982. In explaining his discrimination charge to the EEOC, plaintiff alleged that "Mr. Coster said I was not hired... because I'm originally from Ghana." *See* Appendix A. The plaintiff was issued a Notice of Right to Sue, and timely filed the instant complaint.

Defendants argue that the Court lacks jurisdiction to consider this suit against

them as they were never formally named as respondents in the charges brought before the EEOC. 42 U.S.C. § 2000e–2 *et seq.*

Plaintiff contends in response that the two named defendants, Walter Wriston ("Wriston") and Ruud Coster ("Coster") are officers of Citicorp, which plaintiff, in his complaint, alleges to be the parent corporation of Citibank.

The Court notes that at no time has plaintiff indicated that he wanted to amend his complaint to sue the corporate entity which he charged in the EEOC pleadings. Indeed, in his second opposition to defendants' motion to dismiss, plaintiff stated definitively that the suit was against Wriston and Coster. Plaintiff emphasized that Coster was "the chief defendant" as "Mr. Coster had discriminated against him, the plaintiff [sic]."

The statutory basis of this action permits suit in federal court, but only after a defending party has been brought before the EEOC, nominally if not physically. 42 U.S.C. § 2000e–5(f)(1). This requirement has been established as being jurisdictional in nature. *Dickey v. Greene*, 710 F.2d 1003 (4th Cir.1983) (Murnaghan, J., dissenting), *citing Mickel v. South Carolina State Employment Service*, 377 F.2d 239 (4th Cir.1967), *cert. denied*, 389 U.S. 877, 88 S.Ct. 177, 19 L.Ed.2d 166 (1967).

As Wriston is nowhere mentioned either by name or otherwise in any portion of the charges filed before the EEOC, the Court is satisfied that the complaint must be dismissed against him.

Coster, however, like the lead defendant in *Dickey*, was not named in the caption of the charges filed by the instant plaintiff before the EEOC, but he was clearly identified in the body of those charges.

Other circuits permit a suit in federal court to progress if the defendants were named within the body of the charges before the EEOC. *See, e.g., Romero v. Union Pacific Railroad*, 615 F.2d 1303 (10th Cir.1980); *Shehadeh v. Chesapeake & Potomac Telephone Co.*, 595 F.2d 711 (D.C.

Cir.1978); *Glus v. G.C. Murphy Co.*, 562 F.2d 880 (3d Cir.1977), *cert. denied*, 449 U.S. 949, 101 S.Ct. 351, 66 L.Ed.2d 212 (1980). In this Circuit, however, the *Dickey* court's majority opinion rejects such a liberal construction of the applicable statute.

42 U.S.C. § 2000e–5(e) also requires that notice of the charge [filed with the EEOC] "be served upon the person against whom such charge is made." In the event that the EEOC is unable to secure from the respondent an acceptable conciliation agreement, then "a civil action may be brought *against the respondent named in the charge*... by the person claiming to be aggrieved ..." (emphasis added). 42 U.S.C. § 2000e–5(f)(1).

These statutory provisions leave no uncertainty that in order to satisfy the jurisdictional prerequisites of a Title VII suit, a charge must first be filed with the EEOC against the party sued... (citations omitted). This requirement is no mere technicality. As the Seventh Circuit pointed out in *Bowe* [*Bowe v. Colgate-Palmolive Co.*, 416 F.2d 711 (7th Cir.1969) ], it "serves two important purposes. First it notifies the charged party of the asserted violation. Secondly, it brings the charged party before the EEOC and permits effectuation of the Act's primary goal, the securing of voluntary compliance with the law." *Id.* at 719.

*Dickey v. Greene, supra,* at 1005.

The *Dickey* majority based its decision on the holding in *Mickel v. South Carolina State Employment Service, supra,* finding the two cases "indistinguishable." *Dickey, supra,* at 1005–1006. However, this Court finds that a significant distinction does exist between the two cases, and that the *Dickey* majority unnecessarily narrowed the *Mickel* holding in ruling as it did.

In *Mickel, supra,* the plaintiff job applicant had filed an EEOC charge against the South Carolina State Employment Service. Therein she charged that she had been discriminated against on the basis of her

race in that, although she had indicated a desire to work for Exide Battery Company ("Exide"), a registered prospective employer, the employment service never gave her any of the tests required by Exide and never referred her to that company for an interview. Her later suit against both the employment service and Exide led to entry of summary judgment in favor of the latter.

In affirming the entry of summary judgment, the *Mickel* court scrutinized the relationship between the two defendants.

> There is no indication, by affidavit or otherwise, that the State Employment Service acted as Exide's agent to implement an Exide purpose of invidious discrimination. Ordinarily, the primary function of a state employment service is to assist applicants in securing employment, rendering a screening service for employers, and put employer and employee into contact. The employer then interviews the applicant and does its own hiring. Nothing else appearing, we think such a relationship falls short of that of principal and agent. But we do not hold that there could never be a set of facts or circumstances under which a state instrumentality could become the agent of a private corporation so as to make the latter responsible for violation of the federal statutes by the state agency.

*Id.* at 241.

Having found that the defendants had a tangential relationship at best, the *Mickel* court concluded that the EEOC charges filed against the employment service alone were insufficient to give notice to the EEOC that it should attempt conciliation with so distinct an entity as the prospective employer corporation. Accordingly, the *Mickel* court found that the jurisdictional prerequisite of first notifying the EEOC had not been fulfilled as to Exide.

This is not the situation which the *Dickey* court faced. The plaintiff in *Dickey* filed a charge of discrimination on the basis of race and sex only against "Region P

Human Development Agency, Inc." ("Region P"). In the particulars of her charge, she stated, *inter alia,* that "Rev. Greene often made vulgar remarks in front of me ... Rev. Greene often made sexual advances to me and I was afraid to work in the same office with him." *Dickey, supra,* at 1006–1007 (Appendix A). The EEOC charge [1] did not identify Greene as the Executive Director of Region P. However, this Court is convinced that no reasonable investigation by the EEOC could have failed to disclose that close nexus.

In filing her civil suit, the plaintiff in *Dickey* named as defendants "Willie Greene, individually and as Executive Director of Region P", as well as two other persons who had not been mentioned anywhere in her EEOC charge. The district court granted a motion to dismiss all defendants for lack of jurisdiction because none of them had been named as respondents in the technically correct portion of the EEOC charging form.

In citing the *Mickel* holding as the basis for its decision, the *Dickey* majority opinion only scratched the surface of the precedent. By ignoring the nature of the underlying relationship of the civil defendants to the respective formally named EEOC respondents, the *Dickey* majority transformed the end result of a subjective examination of the degree of notice provided to the EEOC and to the respondents into an objective, highly technical procedural hurdle for would-be litigants.

No one, except the instant plaintiff, would have a party remain to defend a civil suit where neither it nor the EEOC was given any semblance of notice that it was being accused of unlawful discriminatory conduct. *See* disposition of the claims against Exide in *Mickel,* against defendants Baker and King, *per curiam,* in *Dickey,* and against Wriston in the case *sub judice.*

■ However, where (1) an allegation of unlawful discriminatory conduct is made against a clearly identifiable party in the

---

**1.** The original EEOC charges filed by the plaintiff in *Dickey* were lost, and the EEOC charges

referenced above were filed some five years later. *Id.* at 1004 (footnote 2).

body of a charge filed with the EEOC, and (2) where the relationship between a party so charged and the formally named respondent to the charge is such that, as a practical matter, a reasonable investigation of the charges would involve both the party so charged and the respondent, then this Court would find that the identity of interests would suffice to permit a court to deem effective constructive notice to have been given to all concerned. Accordingly, the court would retain jurisdiction and the suit would proceed to a stage closer to resolution on its merits.

Judge Murnaghan, in his dissent, decried the "hypertechnical requirements of the majority" and labelled the result of the decision "unjust." *Id.* at 1007.

> Here, in contrast [with other circuits], the majority has held the plaintiff to an unreasonably high standard of legal draftsmanship. Dickey is to be denied her day in court, not because she did not name at least one defendant [to the civil suit] on the EEOC charge form, but because she did not place the defendants' names on a particular line of the EEOC form.
>
> The inequity of such a technical requirement is manifest, in that Dickey accurately completed the EEOC's form, according to its instructions.

*Id.* at 1008.

■ The facts in *Dickey* are remarkably similar to those before the Court. Plaintiff here brought EEOC charges against an employer, as instructed by the EEOC form. In the body of the charge, plaintiff detailed Coster's allegedly actionable conduct or statement, and, going one step beyond *Dickey*, identified Coster as the respondent's Assistant Vice President in Personnel. Accordingly, the Court finds the interests of Coster and of Citibank to be virtually identical for the present purposes. Finally, the Court is satisfied that the charge filed by this plaintiff gave adequate notice to the EEOC to have enabled it to attempt conciliation with both Citibank and Coster.

Were this Court in one of several other circuits, some of which have been listed, *infra*, the adequacy of such notice, coupled with the identity of the interests of Citibank and Coster, would have foreclosed the defendants from avoiding judicial review of this complaint on such narrow and technical grounds. However, as long as the *Dickey* decision stands, it is controlling in this Circuit, and this Court is obligated to dismiss this suit as to both defendants for the reasons stated. Until the conflict among circuits is resolved by the United States Supreme Court, less than equitable results, such as those embodied in today's decision, will continue to be seen in this Circuit.

A separate order will be entered.

## APPENDIX A

| APPROVED BY GAO<br><br>B — 180541 (RO511)<br>Expires 1-31-81 | CHARGE OF DISCRIMINATION<br><br>IMPORTANT: This form is affected by the Privacy Act of 1974, see Privacy Act Statement on reverse before completing it. | CHARGE NUMBER(S) (AGENCY USE ONLY)<br><br>☐ STATE/LOCAL AGENCY<br><br>☐ EEOC  021822402 |
|---|---|---|

Equal Employment Opportunity Commission and   NYS Division of Human Rights
(State or Local Agency)

| NAME (Indicate Mr., Ms. or Mrs.)<br>David Kissi | HOME TELEPHONE NUMBER (Include area code)<br>301/559-7557 |
|---|---|

| STREET ADDRESS<br>P.O. Box 57127, West End Station | |
|---|---|

| CITY, STATE, AND ZIP CODE<br>Washington, D.C., 20037 | COUNTY |
|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME. (If more than one list below).

| NAME<br>CitiBank International | TELEPHONE NUMBER (Include area code)<br>212/559-1000 |
|---|---|

| STREET ADDRESS<br>399 Park Ave., | CITY, STATE, AND ZIP CODE<br>New York, N.Y. 10043 |
|---|---|

| NAME | TELEPHONE NUMBER (Include area code) |
|---|---|

| STREET ADDRESS | CITY, STATE, AND ZIP CODE |
|---|---|

CAUSE OF DISCRIMINATION BASED ON MY (Check appropriate box(es))

Black                                    Ghana
☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☒ NATIONAL ORIGIN   ☐ OTHER (Specify)

## APPENDIX A—Continued

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE *(Month, day, and year)*    April 27, 1982       over 15 employees

THE PARTICULARS ARE

1. I was denied hire to the position of Financial Analyst in the Merchants banking group of Citibank by Ms. Maureen Carty/White American, Assistant Recruiter; Mr. Ruud Coster/Hispanic American, Assistant Vice President in Personnel; Mr. Gary Kuhns/White American, Vice President of Group Senior Personnel and Ms. Marilyn Robertson White American Assistant Personnel Manager.

2. The following reasons were given:

   a. Mr. Coster said I was not hired because Citibank doesn't do business in Ghana and because I'm originally from Ghana.

   B. Mr. Kuhns told me in a telephone conversation that I was not hired due to budgetary constraints. In a letter dated April 14, 1982 Mr. Kuhns said there were no openings in which to utilize my skills due to the "competitive nature of this recruiting season in view of lower hiring needs."

   c. Ms. Robertson said even under normal conditions I would not be hired because I was not "specialized" enough.

3. I believe I was discriminated against because of my race/Black and national origin/Ghana for the following reasons:

   a. I was given an inadequate interview and inadequate evaluation of my credentials by Ms. Carty, whereas I believe White Americans are adequately interviewed and evaluated.

I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct

NOTARY — (When necessary to meet State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)

DATE: 5/10/82     *David Kisi*     CHARGING PARTY (Signature)

EEOC FORM 5B MAR 79     PREVIOUS EDITIONS OF ALL EEOC FORM 5'S ARE OBSOLETE AND MUST NOT BE USED

RESPONDENT'S COPY

## APPENDIX A—Continued

    b.  Mr. Coster said three persons were being hired, thereby indicating available positions.

    c.  I am highly qualified and specialized in that I hold Master's Degrees in Administration and Economics. Additionally, I speak other West African languages where Citibank does business and 6 years practical experience.

_5/10/82_
Date

_Darelkirr_
Charging Party

RECEIVED
MAY 14 1982
INTAKE
E.E.O.C. — N.Y.D.O.