729 F.2d 957
 34 Fair Empl.Prac.Cas. 336,
33 Empl. Prac. Dec. P 34,246
Delia R. DICKEY, Appellant,
v.
Willie GREENE, Individually and as Executive Director of
Region P. Human Development Agency, Inc.; Alice Faye Baker,
Individually and as Chairman of Head Start Policy Council
and Eulus G. King, Individually and as Chairman of the Board
of Region P. Human Development Agency, Inc., Appellees.
 No. 82-1779.
 United States Court of Appeals,
Fourth Circuit.
 Argued Oct. 4, 1983.
Decided March 8, 1984.
 
 John H. Harmon, New Bern, N.C., for appellant.
 Jill Howard, Jacksonville, N.C., for appellees.
 Before WINTER, Chief Judge, and RUSSELL, WIDENER, HALL, PHILLIPS, MURNAGHAN, SPROUSE, ERVIN and CHAPMAN, Circuit Judges, sitting in banc.
 ON PETITION FOR REHEARING
 HARRISON L. WINTER, Chief Judge:
 
 
 1
 A divided panel of the court affirmed the district court's dismissal of a complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e et seq. and 42 U.S.C. Sec. 1983 in which plaintiff alleged her discriminatory discharge because of her sex. Dickey v. Greene, 710 F.2d 1003 (4 Cir.1983). A poll on plaintiff's suggestion for rehearing in banc having prevailed, we reheard the case. We now reverse and remand for further proceedings.
 
 
 2
 Plaintiff's essential allegations are set forth in the panel opinions and require no repetition. The magistrate decided the motion to dismiss under Fed.R.Civ.P. 12(b)(6) on the papers without a hearing. The magistrate's memorandum, recommendation and order granting the motion were adopted by the district court. The district court's review of the case was also on the papers without a hearing. Because the district court's ruling on the alleged cause of action under 42 U.S.C. Sec. 1983 is not contested on appeal, we need not consider it.
 
 
 3
 In alleging a cause of action under Title VII, plaintiff pled that "suit is being brought within 90 days of receipt of a notice of right to sue from the EEOC." Plaintiff made no other allegations with reference to the jurisdictional prerequisites to a suit under Title VII. Defendants in their combined answers and motions to dismiss responded that plaintiff's EEOC complaint was filed solely against "Region P. Human Development Agency, Inc.", concluding that the jurisdictional prerequisite as to the named defendants had not been satisfied.
 
 
 4
 The magistrate, whose recommendation became the judgment of the district court, recommended dismissal of the complaint. He purported to be ruling solely on defendants' motion to dismiss. Accordingly, under established law, he should have limited himself to a consideration of whether plaintiff's allegations, standing alone and taken as true, pleaded jurisdiction and a meritorious cause of action. See George v. Kay, 632 F.2d 1103 (4 Cir.1980). The magistrate ruled that plaintiff "had named the Region P. Human Development Agency in its [sic] charge filed with the EEOC and not the individual defendants." He concluded that this was a jurisdictional defect and hence the suit "against the defendants should be dismissed for lack of subject matter jurisdiction." Nothing in the record suggests that the magistrate treated the motions to dismiss as motions for summary judgment under Fed.R.Civ.P. 56, as permitted by Rule 12(b) when a court chooses to consider matters not pleaded in the complaint. Had he done so, plaintiff would have been entitled to argue the sufficiency of the actual EEOC complaint or to offer any evidence which might be relevant to a decision of the issue.
 
 
 5
 The manifest error of the magistrate, which became that of the district court, was compounded when the case came before the panel for argument. Plaintiff in her opening brief advanced various arguments, disputed by defendants, suggesting the allegations made in her EEOC charge were sufficient to satisfy the jurisdictional prerequisites as to some or all of the defendants. Only in her prayer for relief in her opening and reply briefs did she make an oblique suggestion that the record should be supplemented by the inclusion of a copy of her EEOC complaint.
 
 
 6
 In the course of oral argument before the panel, the parties did produce a copy of the EEOC complaint which is set forth in an appendix to the majority panel opinion. The panel through inadvertence proceeded on the mistaken assumption that this document was part of the record and had been considered by the district court.
 
 
 7
 After reargument our analysis of the record unmistakably shows that the EEOC complaint was not part of the record. It was not considered by the magistrate or by the district court.* We have no doubt that plaintiff's allegation of jurisdiction was legally sufficient to withstand a motion under Rule 12 and that the district court erred in considering allegations set forth in defendants' combined answer and motion to dismiss.
 
 
 8
 It follows that the question of personal jurisdiction over defendants or any of them is not properly before us. Before we pass on the issue, the EEOC complaint must be made part of the record, and the district court must give judgment on the issue which we are asked to review. Accordingly, we reverse the order of dismissal as to the alleged Title VII cause of action and remand the case to the district court for further proceedings.
 
 
 9
 REVERSED AND REMANDED.
 
 K.K. HALL, Circuit Judge, dissenting:
 
 10
 I am at a loss to understand the majority's refusal to address the merits of this appeal.[1] The majority concludes that this case is not reviewable in its present posture. It thus chooses to ignore the undisputed concessions, clearly and repeatedly made by both parties before this Court, that the contents of Dickey's EEOC complaint were relied upon by the court below in arriving at its decision to dismiss plaintiff's Title VII claim for lack of subject-matter jurisdiction. Because it is the practice of this Court to rely on the concessions of parties and their counsel, and because there has been no showing that the concessions made in this case are in any way inaccurate, I can only conclude that remanding this case for the reasons cited by the majority is a wasteful and futile act. I, therefore, dissent.
 
 
 11
 In his opening brief filed with this Court, Dickey's counsel requested us to supplement the record pursuant to Fed.R.App.P. 10(e) with Dickey's EEOC charge of discrimination. This request was anything but "oblique," as the majority opinion suggests. Dickey's counsel specifically directed us in his brief to the following portion of Fed.R.App.P. 10(e), upon which he relied:If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the district court either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the court of appeals.
 
 
 12
 As grounds for this request, Dickey's counsel unequivocally stated as follows:
 
 
 13
 [E]ach respondent and the Court below relied on the contents of appellant's charge of discrimination filed with the EEOC, the contents of said charge are material to both appellant and respondents in that said charge is material to the decision of dismissal of the Court below and this Court's determination of this appeal. (Emphasis added).
 
 
 14
 In his reply brief, Dickey's counsel reiterated his motion to supplement the record.[2]
 
 
 15
 At oral argument before the panel of judges that initially heard plaintiff's appeal, Dickey's counsel provided copies of the EEOC charge to the Court. In response to Judge Murnaghan's statement that "it's clear that both parties relied on the document at some time or another," Dickey's counsel responded in the affirmative. In response to further questioning by Judge Hall, appellant's counsel persisted in his request to supplement the record: "I'm asking that the charge be made a part of this record--this charge right here."
 
 
 16
 Later, during the argument presented by counsel for appellees, the following exchange took place:
 
 
 17
 Judge Murnaghan: I am correct am I not that this [the EEOC charge] was apparently before the court and the court made reference to this particular document in the case as it transpired?
 
 
 18
 Counsel for Appellees: Yes, your honor.
 
 
 19
 Judge Murnaghan: So it really was part of the record, they're not asking us to expand the record to bring in something that wasn't before the court.
 
 
 20
 Counsel for Appellees: That's correct....
 
 
 21
 Dickey's counsel did not dispute these statements, although given the opportunity to do so. At the conclusion of appellees' presentation, when asked by Judge Widener if he had "anything else," Dickey's counsel responded "No, sir."
 
 
 22
 On the basis of these statements, all three members of the panel permitted Dickey to supplement the record with the EEOC charge and proceeded to address the appeal on its merits. Given the foregoing history, the panel's action was certainly not taken "through inadvertence," as the en banc majority now concludes.
 
 
 23
 Nothing said later by either party during oral argument of this case at the rehearing en banc contradicts their statements that the EEOC charge was considered by the court below. In response to an innocuous question from Chief Judge Winter, as to how the charge form got before the court below, appellees' counsel merely stated during her presentation that she did not remember. Dickey's counsel did not address the point at all.
 
 
 24
 It is, therefore, clear to me that the district court has already considered the charge Dickey filed with the EEOC and has decided the very issue which the majority now remands.[3] Requiring further proceedings below at this juncture is both pointless and unprecedented. Furthermore, taken to its logical conclusion, the majority opinion renders meaningless the provisions of Fed.R.App.P. 10(e), which authorize a Court of Appeals to correct omissions from the record and require the appellate Court to hear "[a]ll other questions as to the form and content of the record." Where, as here, there is no dispute that the contents of the missing document were considered by the court below, I can think of no better case in which this Rule would apply. I would, accordingly, reach the merits and, for the reasons stated in the panel majority opinion, would affirm the judgment below. I am authorized to state that DONALD RUSSELL, WIDENER, and CHAPMAN, Circuit Judges, join in this dissent.
 
 
 
 *
 The dissent proceeds from the premise that the parties conceded that the document was before the district court and that the concession was accurate
 The "concessions" on which the dissent relies were contradicted in oral argument. Counsel for plaintiff told the panel that the district judge "did not have the folder" and that he "never should have entered summary judgment without first looking at the charge ..." The statement of counsel for plaintiff is corroborated. As there was no hearing before the magistrate or the district judge and the EEOC form is not noted on either docket nor included among the papers, we are at a loss to see how either could possibly have had access to the form.
 The dissent accurately notes that the issue upon which we remand was not envisioned by counsel who, like the dissenters, wished to reach the merits. However we are powerless to do so by use of Rule 10(e), Fed.R.App.P., or any other rule where, as here, the issue was never properly presented to the district court.
 
 
 [1]
 This appeal was briefed and argued by both sides on its merits and was disposed of by the panel originally assigned to hear the matter likewise on its merits. The panel dissent, upon which Dickey relied in her petition for rehearing and suggestion for rehearing en banc, nowhere mentions the "manifest error" which the en banc majority now suddenly says necessitates a remand. Unquestionably, the judges voting to grant en banc review did so because of the issues presented by Dickey and the panel dissent. In short, the case decided today by the majority bears no similarity whatsoever to the case heard by the panel or to the case which was presented to the Court en banc
 
 
 [2]
 I find it significant that Dickey did not proceed under the first sentence of Fed.R.App.P. 10(e), which states that "[i]f any difference arises as to whether the record truly discloses what occurred in the district court, the difference shall be submitted to and settled by that court and the record made to conform to the truth." I can only conclude that Dickey does not dispute what transpired below and, that there is no conflict between the parties' recollection of the events which took place below, including the fact that the contents of the EEOC charge was considered by the district court
 
 
 [3]
 Unlike the majority, I find no error--procedural or otherwise--in the dismissal of Dickey's Title VII claim "for failure of the plaintiff to allege compliance with the procedural requirements of that Act." The majority stresses that the matter was disposed of by the magistrate and the district judge on the papers without a hearing. This is hardly surprising, given the fact that Dickey's attorney did not request a hearing, did not file any opposition to appellees' motion, and failed to respond to the magistrate's recommendation of dismissal