EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,

v.

CHARLESTON ELECTRICAL JOINT APPRENTICESHIP TRAINING COMMITTEE, et al., Defendants.

Civ. A. No. 83–2259.

United States District Court,
S.D. West Virginia,
Charleston Division.

July 16, 1984.

Marye L. Wright, Asst. U.S. Atty., Charleston, W.Va., Spencer H. Lewis, Jr., Regional Atty., Leroy T. Jenkins, Jr., Supervisory Trial Atty., E.E.O.C., Philadelphia, Pa., for plaintiff.

Stanley M. Hostler, Charleston, W.Va., for Intern. Broth. of Elec. Workers.

Charles W. Covert, St. Albans, W.Va., for Nat. Elec. Contractors Ass'n.

MEMORANDUM OPINION
AND ORDER

HADEN, Chief Judge.

The Defendants National Electrical Contractors Association (NECA) and International Brotherhood of Electrical Workers, Local 466 (Local 466) have each made a motion to dismiss this gender discrimination case filed by the Equal Employment Opportunity Commission (EEOC) on behalf of Jonni Castle Mullins. Because material extraneous to the pleadings has been referred to in the memoranda of the parties with regards to these motions and appendices attached thereto, this Court will consider the motions as those for summary judgment.[1] The grounds offered by Local 466 and NECA are similar in that each claims it was not named in the charge brought before the EEOC and that each is a separate legal entity from the Charleston Electrical Joint Apprenticeship Training Committee. These grounds will be dealt with in order.

Local 466 and NECA offer the recent Fourth Circuit case *Dickey v. Greene*, 710 F.2d 1003 (4th Cir.1983), to support their proposition that since they are not properly named as a respondent in the complainant's charge before the EEOC that each of them should not be subject to suit in federal district court. *Dickey* was a split decision in the Fourth Circuit in which the majority held as a clear rule that the failure to name a party as a respondent in an EEOC charge precludes subsequent legal action against it under Title VII. 710 F.2d at 1005. Dickey, the complainant, filed her charge of discrimination against "Region P Human Development Agency, Inc." In her action in district court she sought to include several individuals in their individual and official capacities not named in the charge before the EEOC. The Fourth Circuit held that the statutory rule required dismissal

---

1. *Rule* 12(c), Federal Rules of Civil Procedure, states in relevant part:

    "If on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment."

    Local 466 and the EEOC have each made attachments to their memoranda and NECA quotes the text of Mullins' charge in its memorandum.

of parties not named in the EEOC charge. The text of the charge filed by Dickey included explicit reference to one of the persons later sued in federal court, although that person had not been named as respondent in the appropriate space provided in the form.

Significantly, the Fourth Circuit found that this person though mentioned in the text of the charge, was not involved in any conciliation efforts. The Fourth Circuit also found that Dickey was represented by counsel when she prepared the charge to be filed with the EEOC. Also, the majority opinion in *Dickey*, while holding that the statutory rule was clear, acknowledged the existence of court created exceptions at the conclusion of its legal analysis. 710 F.2d at 1006.

Judge Murnaghan dissented, finding the majority's opinion to contain "hypertechnical requirements" and that these requirements "undermine generally the remedial nature of the statutory objectives of Title VII." 710 F.2d at 1007.

The Fourth Circuit reheard *Dickey en banc* earlier this year. *Dickey v. Greene*, 729 F.2d 957 (4th Cir.1984). Judge K. K. Hall, the author of the original majority opinion, noted that the opinion resulting from the rehearing did not deal with the issues raised in the first opinion. 729 F.2d at 959 & n. 1. It is evident, however, that the Fourth Circuit's rehearing of the case and changing its ruling from one of affirmance to a reversal and remand, that the original *Dickey* opinion is subject to question.

The Defendants Local 466 and NECA ask this Court to apply the original *Dickey* opinion. For two reasons, the original *Dickey* opinion does not control the issues presented here. First, the EEOC's memoranda clearly illustrate that it notified Local 466 and NECA's officials, and both Local 466 and NECA had an opportunity to participate in the conciliation process. The documents included with the EEOC's memoranda showed that the parties sued were actually notified of the complaint involving them, and a conciliation attempt was being

made. In *Dickey*, the original opinion showed that the parties sued were not so apprised. *See* 710 F.2d at 1006. Given further the confusion over the continued validity of the original *Dickey* opinion and this important factual distinction, it would be inappropriate to dismiss Local 466 and NECA on the basis of the original *Dickey* opinion.

This Court has had an opportunity recently to consider the issue of whether a party not named in the original EEOC charge can be sued in a subsequent federal court action under Title VII. In *Jeter v. Boswell*, 554 F.Supp. 946 (N.D.W.Va.1983) the Defendant Boswell argued that since he was not named a respondent in the charge filed with the EEOC, he could not be sued in federal court. This Court, interpreting *Mickel v. South Carolina State Employment Service*, 377 F.2d 239 (4th Cir.) *cert. denied* 389 U.S. 877, 88 S.Ct. 177, 19 L.Ed.2d 166 (1967), noted that the opportunity for administrative conciliation would satisfy the jurisdictional prerequisite of bringing a civil action under Title VII. 554 F.Supp. at 950. This position has been upheld in other circuits. In *Eggleston v. Chicago Journeymen Plumbers Local No. 130, et al*, 657 F.2d 890 (7th Cir.) *cert. denied* 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 (1981), the Seventh Circuit articulated the policies behind the EEOC charge filing procedures. The purpose was held to bring the parties before the EEOC for an opportunity to participate in the conciliation proceedings and notice of the charge against the party. 657 F.2d at 905. Thus, a party could be brought into the Title VII district court suit if it could be shown (1) that it had been notified of the alleged violation and (2) it had been given an opportunity to participate in conciliation negotiations.

■ In the instant case the Plaintiff has offered documentation to show that NECA and Local 466 have been actuall notified of the claims brought against it and also that these Defendants have had an opportunity to participate in conciliation negotiations. Further, Defendant NECA and Local 466

have offered no basis for showing that it has been prejudiced by not being named as a respondent in the charge filed with the EEOC.[2] Therefore, the Plaintiff has raised a genuine issue of fact as to whether Defendants Local 466 and NECA have been brought before the EEOC and are, therefore, subject to the suit in federal district court.

██ The second issue raised by the motions of NECA and Local 466 is whether their status as separate legal entities from the Charleston Electrical Joint Apprenticeship Training Committee serves as a basis for dismissing them from this suit. The definitions section of Title VII defines labor organizations and employers as including agents of such entities. 42 U.S.C. § 2000e(b) & (d). It is helpful to note that the *Eggleston* case dealt with a situation where a joint apprenticeship committee and a local union were jointly sued under Title VII in federal district court. The union was named as a respondent; however, the joint apprenticeship committee was not. The union had five members on the ten-person JAC board, and the Seventh Circuit deemed that sufficient to hold the JAC in on the Title VII district court action. 657 F.2d at 906–907. In the instant case, the Joint Apprenticeship Training Committee includes three members who represent the NECA and three members who represent Local 466.[3] Given the application of agency concepts in Title VII actions, this Court finds that the Plaintiff has raised a genuine issue of material fact as to whether the Charleston Electrical Joint Apprenticeship Training Committee was the agent of Local 466 and NECA.

The Defendants Local 466 and NECA's grounds having failed to justify summary judgment, their motions are denied.

**2.** *See Jeter,* 554 F.Supp. at 952.

**3.** The Plaintiff in its brief responding to Defendant NECA's motion to dismiss reproduced verbatim a portion of the agreement between the national organizations of NECA and Local 466. At page 4 of the Plaintiff's memorandum, the agreement is shown as stating:

"The Joint Apprenticeship and Training Committee for the electrical contracting in-

dustry, hereinafter called the 'Committee', shall be composed of six members: Three to be qualified to represent the chapter, National Electrical Contractors Association, Inc., and three to be qualified to represent the local union of the International Brotherhood of Electrical Workers.

Members of the Committee shall be selected by the groups they represent."