Gussie **MICKEL**, Appellant,

v.

**SOUTH CAROLINA STATE EMPLOY-MENT SERVICE and/or Exide Battery Service,** Appellees.

**No. 11069.**

United States Court of Appeals
Fourth Circuit.

Argued April 4, 1967.

Decided May 3, 1967.

Dorothy Vermelle Sampson, Greenville, S. C. (Donald James Sampson and Sampson & Sampson, Greenville, S. C., on brief), for appellant.

Robert G. Horine, Columbia, S. C., for South Carolina Employment Service.

J. Frank Ogletree, Jr., Greenville, S. C. (Michael P. Mullins, and Thompson, Ogletree & Haynsworth, Greenville, S. C., on brief), for Exide Battery Co.

Before BOREMAN and CRAVEN, Circuit Judges.

BOREMAN, Circuit Judge.

Plaintiff, Gussie L. Mickel, brought this action against the South Carolina State Employment Service (hereafter State Employment Service) and Exide Battery Company (hereafter Exide) in the federal district court at Columbia, South Carolina, under Title VII of the Civil Rights Act of 1964.[1] After Exide had filed a motion to dismiss, with supporting affidavits, and had answered, the district court treated the motion as one for summary judgment and granted the motion in favor of Exide. We affirm the judgment of the district court.

The gravamen of the plaintiff's complaint filed in the court below is that she was discriminated against on the basis of race (Negro) in her attempt to secure employment with defendant, Exide. She charges that on various occasions prior to February 13, 1966, she presented herself to the State Employment Service at Sumter seeking job referrals and that she indicated a desire for employment with Exide; that she was never given any of the tests required by Exide as a prerequisite to referral and was never referred to Exide.

Plaintiff had no direct dealings with Exide and had made no direct contact with that company with respect to employment. It is her theory that the State Employment Service at Sumter was Exide's agent for the purpose of referring persons to Exide for employment at its Sumter plant. It was a fact that Exide had registered with the State Employment Service as a prospective employer, stating its standards of employment and the tests to be applied to job applicants. It was the general practice for the State Employment Service to administer and apply any tests and standards prescribed by a prospective employer and then refer applicants who successfully passed the tests and met the standards to such prospective employer.

On October 18, 1965, plaintiff had filed a charge against the State Employment Service with the Equal Employment Opportunity Commission (hereafter the Commission), pursuant to section 706 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5, complaining that the State Employment Service had discriminated against her on the basis of her race and color. No complaint was ever filed with the Commission against Exide. After conducting an investigation the Commission decided on February 24, 1966, that there was reasonable cause to believe that plaintiff's application, because of her race, was not processed in accordance with the standard procedure of the State Employment Service. However, the Commission did not find any discrimination against plaintiff by the State Employment Service with respect to referral to Exide. Finally, the Commission concluded that plaintiff did not meet Exide's physical requirements.

1. 42 U.S.C. § 2000e et seq.

Section 706 of the Civil Rights Act of 1964 provides in pertinent part:

"(a) Whenever it is charged in writing under oath by a person claiming to be aggrieved, * * * (and such charge sets forth the facts upon which it is based) that an employer, employment agency, or labor organization has engaged in an unlawful employment practice, the Commission shall furnish such employer, employment agency or labor organization * * * with a copy of such charge and shall make an investigation of such charge, * * *. If the Commission shall determine, after such investigation, that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion. * * *." 42 U.S.C. § 2000e–5(a).

Section 706(d) provides that such charge must be filed within ninety days after the alleged unlawful employment practice took place. 42 U.S.C. § 2000e–5(d).

With its motion to dismiss Exide attached the affidavit of a field representative of the Commission in which it was categorically stated that plaintiff had not filed a charge against Exide.

Congress has provided that persons aggrieved by unlawful practices should first attempt to have the Commission settle the matter in an atmosphere of secrecy[2] without resorting to the extreme measure of bringing a civil action in the congested federal courts. To this effect section 706(e) of the Civil Rights Act of 1964 provides:

"If within thirty days after a charge is filed with the Commission * * * (except that * * * such period may be extended to not more than sixty days upon a determination by the Commission that further efforts to se-

cure voluntary compliance are warranted), the Commission has been unable to obtain voluntary compliance with this subchapter, the Commission shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought against the respondent named in the charge (1) by the person claiming to be aggrieved. * * *." 42 U.S.C. § 2000e–5(e).

It seems clear from the language of the statute that a civil action could be brought against *the respondent named in the charge* filed with the Commission only after conciliation efforts had failed, or, in any event, after opportunity had been afforded the Commission to make such efforts. If we correctly understand plaintiff's contention, it is that the State Employment Service was Exide's agent and that the filing of a charge with the Commission against the agent was sufficient under the statute to charge Exide, as principal, and to set in motion the conciliation machinery. On the facts of this case, we find this contention utterly lacking in merit. There is no indication, by affidavit or otherwise, that the State Employment Service acted as Exide's agent to implement an Exide purpose of invidious discrimination. Ordinarily, the primary function of a state employment service is to assist applicants in securing employment, rendering a screening service for employers, and put employer and employee into contact. The employer then interviews the applicant and does its own hiring. Nothing else appearing, we think such a relationship falls short of that of principal and agent. But we do not hold that there could never be a set of facts or circumstances under which a state instrumentality could become the agent of a private corporation so as to make the latter responsible for violation of the federal statutes by the state agency.

2. Thus the statute directs that "[n]othing said or done during and as part of such endeavors may be made public by the Commission without the written consent of the parties, or used as evidence in a subsequent proceeding." This section also makes it a misdemeanor for any employee of the Commission to divulge such information. § 706(a), 42 U.S.C. § 2000e–5(a).

■ Be that as it may, it is a sufficient basis for our decision that Exide was not "named in the charge" filed with the Commission, and the Commission was not required to enter into any conciliatory negotiations with Exide.

■ In a recent well-considered case, Dent v. St. Louis-San Francisco Ry. Co., 265 F.Supp. 56 (N.D.Ala. Mar. 10, 1967), it was held that conciliation attempts were a "jurisdictional prerequisite to the institution of a civil action under Title VII and that the actions instituted without this prerequisite must accordingly be dismissed." The court dismissed an action under Title VII because the plaintiff had not resorted to the Commission's conciliation procedures prior to court action. This conclusion also finds support in Hall v. Werthan Bag Corporation, 251 F.Supp. 184 (M.D.Tenn. 1966). In that case the court was confronted with the question of whether it was necessary for all plaintiffs attempting to bring civil actions under Title VII to have first resorted to the Commission for conciliatory efforts. The court there held that since the person who had filed charges before the Commission brought action on behalf of other Negroes similarly situated and since the Commission had investigated all the allegations and had failed in its conciliatory attempts, other plaintiffs could intervene. However, the court noted that the Commission had not had an opportunity to attempt conciliation with regard to ancillary relief which might be owing the

other plaintiffs, and that the requirement of resort to the Commission had not been fully satisfied. 251 F.Supp. at 188.

The decision in Dent, supra, 265 F. Supp. 56, painstakingly discusses the legislative history of this portion of the Civil Rights Act. The opinion presents overwhelming authority culled from Congressional committee reports and the statements of key legislators to support the conclusion that Congress intended that persons claiming discrimination in employment should first exhaust their remedies within the Commission created for that purpose.[3] Furthermore, the original bill contained a clause permitting the bringing of civil actions prior to seeking conciliation but this provision was eliminated by a House amendment in order to insure that conciliatory efforts would be made.[4]

■ Plaintiff, Mickel, filed no charge with the Commission against Exide and thus failed to avail herself of the services of the Commission in an endeavor to effect, through "conference, conciliation and persuasion," the elimination by Exide of any alleged unlawful employment practices. She thus failed to satisfy the statutory requirements prior to the institution of her civil action. Clearly, there was no issue of material fact to be decided and, with the case in such posture, the district court committed no error in granting Exide's motion for summary judgment.

Affirmed.

---

3. In a sectional analysis, contained in the House Report discussing what was later to become § 706, it is stated that "[t]he first stage in the enforcement process is the filing of a charge in writing under oath by or on behalf of a person claiming to be aggrieved * * *." It is then stated that if there is cause to credit the charge, "the Commission must endeavor to eliminate any such unlawful employment practice by informal methods of conference, conciliation, and persuasion

* * *." H.R.Rep. No. 914, 88th Cong., 2nd Sess. (1964), 2 U.S.Code Cong. & Ad.News, p. 2404 (1964).

4. Representative Celler, sponsor of the bill and Chairman of the Judiciary Committee which reported upon it favorably, explained that the deletion was made to insure "that there will be a resort by the Commission to conciliatory efforts before it resorts to a court for enforcement." 110 Cong.Rec. 2566 (1964).