**Gussie L. MICKEL, Plaintiff,**

v.

**The SOUTH CAROLINA STATE EMPLOYMENT SERVICE and/or Exide Battery Company, Sumter, South Carolina, Defendants.**

**Civ. A. No. 66–260.**

United States District Court
D. South Carolina.

Feb. 22, 1968.

Sampson & Sampson, Sumter, S. C., for plaintiff.

Robert G. Horine, S. C. State Employment Service, Columbia, S. C., for defendant.

## ORDER OF DISMISSAL

SIMONS, District Judge.

This action was instituted by the plaintiff pursuant to the provisions of Section 706(e) of Title VII of the Civil Rights Act of 1964 against the South Carolina State Employment Service and the Exide Battery Company. Plaintiff alleged that the defendants had practiced discrimination on the basis of race and color in the processing of an application filed by her at the office of the South Carolina State Employment Service at Sumter for referral to employment at a nearby plant of its co-defendant. An Order of this Court granting the motion of the Exide Battery Company for Summary Judgment and dismissal of the action as to it was affirmed upon appeal by the United States Circuit Court of Appeals, 377 F.2d 239, petition for writ of certiorari to the Supreme Court of the United States denied.

The South Carolina State Employment Service filed an answer denying the material allegations of the Complaint. At a later time this defendant filed a Motion for Summary Judgment and Dismissal of the action. Affidavits and accompanying documents were attached thereto. The matter came on to be heard in regular course.

Pleadings and accompanying documents reveal that on October 18, 1965, the plaintiff filed a charge with the Equal Employment Opportunity Commission against the defendant alleging discrimination against her on the basis of race. Service of this charge upon the defendant is shown as December 2, 1965. A Commissioner Decision dated February 24, 1966, ruled that cause did not exist for a finding of discrimination against plaintiff in the instance of her not having been referred by defendant to employment with the Exide Battery Company but held reasonable cause did exist to support a belief that because of race her employment application for referral thereto had not been processed by defendant in accordance with its standard procedures. By letter dated March 2, 1966, plaintiff was informed by the Equal Employment Opportunity Commission that the Commission "has been unable to conduct a conciliation during the sixty-day period provided in Section 706." An affidavit submitted by the defendant and uncontroverted by the plaintiff is that at no time between the filing of the original charge on October 18, 1965, and the institution of this action by the filing of the Complaint of the plaintiff on April 4, 1966, did the Equal Employment Opportunity Commission by conference, conciliation, or persuasion endeavor to eliminate the alleged unlawful unemployment practice. Indeed, the additional representation was made to the Court that the Commission in this period did not so much as communicate in any fashion with the defendant concerning such a subject. Upon consideration of this circumstance, the action is dismissed inasmuch as the Court is of the opinion that under Section 706(a) at least some effort by the Commission at conciliation is necessary as a judicial prerequisite to the institution of a civil action under Title VII of the Civil Rights Act.

It is further observed by the Court that the defendant has shown by affidavit, and the plaintiff does not deny, that subsequent to the institution of the action she has been referred by the employment office of the defendant at Sumter to numerous employers in the area. The manager of that office sets out by affidavit that plaintiff has been referred to every job order received

from employers for which she qualified by ability, training, or experience, except in one vocation to which she did not desire to be referred. Plaintiff has not alleged discrimination against her generally by the defendant. The sole remedy sought by her in the Amended Complaint is that the defendant be enjoined from discriminating against her on the basis of race and color in the handling of her application for employment with the Exide Battery Company. The defendant has assured the Court as a condition and a provision of this Order that it will receive application from the plaintiff for referral to that company and/or any other employers and will process the same in accordance with its standard procedures. Hence, no further claim remains upon which relief could be granted by the Court.

Therefore, it is ordered and adjudged that Summary Judgment be granted to the defendant, South Carolina State Employment Service, and that this action be dismissed.