857 F.2d 1470
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Curtis L. WRENN, individually and on behalf of all others
similarly situated, Plaintiff-Appellant,
v.
G. Bruce McFADDEN, individually and as Director of the
University of Maryland Hospital; Albin O. Kuhn, Ph.D.,
individually and as Chancellor of the University of Maryland
at Baltimore; Wilson H. Elkins, Ph.D., individually and as
President of the University of Maryland; John S. Toll,
Ph.D., individually and as President of the University of
Maryland; The Honorable Blair Lee, III, individually and as
Acting Governor of the State of Maryland; B. Herbert Brown,
individually and as Chairman of the Board of Regents of the
University of Maryland at Baltimore; Donald W. O'Connell,
individually and as Vice President for General
Administration of the University of Maryland; The
University of Maryland Hospital; The University of
Maryland; The State of Maryland, Defendants-Appellees.
 No. 85-1664.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 30, 1988.
Decided: Sept. 6, 1988.
 
 Curtis L. Wrenn, appellant pro se.
 Robert B. Barnhouse, for appellees.
 Before K.K. HALL, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Curtis L. Wrenn, proceeding pro se, brought this action against the University of Maryland Hospital, the University of Maryland, the State of Maryland, and seven other defendants in their individual and official capacities, alleging claims under Title VII, 42 U.S.C. Sec. 2000e; Title VI, 42 U.S.C. Sec. 2000d; the Equal Pay Act, 29 U.S.C. Sec. 206(d); and 42 U.S.C. Secs. 1981 and 1983. The district court dismissed the action. It held that the Secs. 1981 and 1983 claims were stale, the Title VII claims were not timely filed with the Equal Employment Opportunity Commission (EEOC), the retaliation claims were not included in the EEOC charge, and the Title VI claims were subject to administrative exhaustion. This appeal followed.
 
 
 2
 We affirm the district court's dismissal of the Secs. 1981 and 1983 claims, the Title VI claim, and the Title VII wrongful termination and retaliation claims. The Sec. 1981, Sec. 1983, and Title VI claims were barred by Maryland's three-year statute of limitations. Md.Cts. & Jud.Proc.Code Ann. Sec. 5-101 (1984). See Goodman v. Lukens Steel Co., 55 U.S.L.W. 4881 (U.S. June 19, 1987) (Nos. 85-1626, 2010); Wilson v. Garcia, 471 U.S. 261 (1985); Grattan v. Burnett, 710 F.2d 160 (4th Cir.), aff'd, 468 U.S. 42 (1984). The wrongful termination claim was not timely filed with the EEOC. See Delaware State College v. Ricks, 449 U.S. 250 (1980); Price v. Litton Business Sys., 694 F.2d 963 (4th Cir.1982). Wrenn failed to exhaust administrative remedies with regard to his retaliation claim. Although he argues on appeal that the district court may exercise ancillary jurisdiction over this unexhausted claim, we do not consider this argument because Wrenn failed to raise it in the district court. See Wilkins v. Whitaker, 714 F.2d 4, 7 n. 1 (4th Cir.1983), cert. denied, 468 U.S. 1217 (1984).
 
 
 3
 We affirm the district court's dismissal of all the defendants whose names did not appear on the face of the EEOC charge except G. Bruce McFadden. Wrenn clearly named McFadden in the narrative of the EEOC charge filed on July 5, 1978, and McFadden made no claim of prejudice from Wrenn's failure to name him as a respondent. See Dickey v. Greene, 603 F.Supp. 102 (E.D.N.C.1984).
 
 
 4
 We vacate the district court's dismissal of the Title VII wage discrimination claim. This Court has held that the denial of equal pay is "continuing," because it arises with the receipt of each "unequal" paycheck. Jenkins v. Home Ins. Co., 635 F.2d 310 (4th Cir.1980). Wrenn received his last paycheck around July 1978. He filed his EEOC complaint on May 25, 1978. His claim thus was timely, and the case should be remanded for the district court to consider it.
 
 
 5
 Wrenn's motion for oral argument is denied. We find that the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED IN PART; VACATED IN PART; AND REMANDED.