908 F.2d 966
 17 Fed.R.Serv.3d 794
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Nancy C. FLUKER, individually and on behalf of all others
similarly situated, Plaintiff-Appellant,
v.
KENNEY'S FRANCHISE CORPORATION, William Kenney, Sr.,
Defendants-Appellees,
and
Kenney's Restaurant, Inc., Kenney's Drive-In Corporation, Defendants.
 No. 89-1760.
 United States Court of Appeals, Fourth Circuit.
 Argued March 6, 1990.
Decided July 10, 1990.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (CA-77-34-R)
 Robert Brian Fitzpatrick, Fitzpatrick & Verstegen, Washington, D.C., (argued), for appellant; Mark D. Laponsky, Fitzpatrick & Verstegen, Washington, D.C., on brief.
 Bayard Easter Harris, Woods, Rogers & Hazlegrove, Roanoke, Va., for appellees; Frank K. Friedman, Woods, Rogers & Hazlegrove, Roanoke, Va., George A. McLean, Jr., Roanoke, Va., on brief.
 W.D.Va.
 AFFIRMED.
 Before K.K. HALL, SPROUSE and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Nancy C. Fluker appeals the district court's order dismissing, as time-barred, her agency theory of liability against William Kenney, the chief executive officer of Kenney's Franchise Corporation [KFC], the corporate employer against which Fluker's initial sex discrimination claims were made. Fluker also appeals the order granting summary judgment to Kenney with respect to Fluker's attempt to "pierce the corporate veil." Finding no error, we affirm.
 
 I.
 
 2
 The facts underlying Fluker's claims of sex discrimination are recounted in a prior opinion of this Court and will not be extensively repeated here. Fluker v. Kenney's Franchise Corp., No. 84-1676 (4th Cir. March 20, 1985) (unpublished). Fluker I involved the district court's order granting summary judgment against Fluker in her attempt to pierce the corporate veil so as to render Kenney liable on the Title VII claim on which KFC had been previously held liable. We reversed and remanded the case for further factual development regarding Kenney's operation of KFC. We also noted that the district court "may also consider whether Fluker's post-summary judgment allegation of agency is sufficiently before it to make an evidentiary finding on that issue." Id. at 6. Upon remand, Fluker was allowed to amend her complaint to add an agency claim against Kenney, but the claim was subsequently dismissed as being time-barred because the claim did not relate back to the filing of the complaint. Also, summary judgment was again granted to Kenney on the corporate veil theory. Fluker appeals each of these orders.
 
 II.
 
 3
 On appeal, Fluker contends that the lower court erred in ruling that her amendment adding the agency claim did not relate back to the filing of the original complaint. She also contends that the district court erred in ruling that KFC's corporate veil should not be pierced to impose personal liability on Kenney. We affirm the corporate veil ruling on the reasoning of the district court. Fluker v. Kenney's Franchise Corp., CA-77-34-R (W.D.Va.) (Memo. op. filed May 25, 1989). We address the dismissal of the agency claim, however, in order to clarify the standard of review of the district court's relation-back ruling.
 
 
 4
 Fluker first mentioned the agency claim in her 1983 motion to reconsider the district court's judgment for Kenney on the corporate veil theory. However, it was not until four years later, and two years after Fluker I was decided, that she attempted to amend the complaint to add the claim. Such undue delay might well have warranted the denial of the motion to amend the complaint in the first place. See Woodson v. Fulton, 614 F.2d 940, 942-43 (4th Cir.1980). Having permitted the amendment, however, the court examined the factors set forth in Rule 15(c)[1] to determine whether the new claim related back to an earlier date so as to permit Fluker to escape the effect of the limitation period governing the filing of such claims.[2] The district court determined that the agency claim "arose out of the same conduct ... set forth in the original [complaint] ..." and that Kenney undoubtedly had notice of the original complaint from its inception. However, the court dismissed the claim as time-barred because Kenney would be "prejudiced in maintaining his defense on the merits" of the then recently-raised agency claim due to the lapse of time. Fluker v. Kenney's Franchise Corp., CA-77-34-R (W.D.Va.) (Memo. op. filed May 5, 1988). This dismissal was not in error.
 
 
 5
 When prejudice arises due to the delay in raising a claim or adding a party, courts generally resolve the problem under Rule 15(a) by refusing to allow the amendment. In this way, the relation-back issue is obviated. On appeal, we would review the denial of the motion to amend under an abuse of discretion standard. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971). Although the case presently before us involves Rule 15(c) and whether the amendment relates back, the prejudice inquiry is closely related to that under Rule 15(a)'s standard of "when justice so requires." However, because prejudice is essentially a factual finding, we review the lower court's 15(c) ruling on this point under a clearly erroneous standard.
 
 
 6
 Leave to amend should be liberally granted. Foman v. Davis, 371 U.S. 178, 182 (1962). Inasmuch as relation-back serves the same general goal of insuring that cases are tried on the merits, a similar liberality should guide our analysis under Rule 15(c). 3 Moore's Federal Practice p 15.02 (1989). However, the goal of having the merits tried must be tempered by fairness to the defendant. Under the particular circumstances of this case, we think that the district court did not clearly err in finding that Kenney would be prejudiced.
 
 
 7
 The agency claim sought to impose personal liability on Kenney for his role in the formulation of the discriminatory maternity leave policy. Under Title VII, supervisory personnel may be independently liable as "employers." Hamilton v. Rodgers, 791 F.2d 439, 442 (5th Cir.1986). The corporate veil claim, however, was not concerned with Kenney's role in formulating the leave policy. Instead, Kenney's liability under this theory is contingent on KFC's liability under Title VII. Once this corporate liability is established, the corporate veil inquiry looks to whether such liability should be superimposed on Kenney because KFC was essentially his "alter ego." This inquiry is completely unrelated to any inquiry into Kenney's individual role vis-a-vis the leave policy. As the district court recognized, Kenney should not have been expected to have anticipated a claim at such a late date which, for the first time, attempted to make him liable for what he did rather than for what the corporation did.
 
 
 8
 Kenney's ability to maintain a defense against the recently-raised agency theory is most obviously prejudiced due to the fact that the maternity leave policy in question had already been determined to be discriminatory. The district court's view is that adding this claim at such a late date would amount to little more than an ambush of Kenney. While delay alone does not necessarily constitute prejudice under Rule 15(c), it is certainly a factor to be considered. Sweetheart Plastics, Inc. v. Detroit Forming, Inc., 743 F.2d 1039, 1043 (4th Cir.1984). Memories fade, witnesses can no longer be found, and records are lost or destroyed. All these are likely to adversely affect a defendant such as Kenney who is suddenly faced with a new claim against him. As the district court noted, although Kenney was made a defendant in 1981, it was solely for the purpose of pursuing the corporate veil route of recovery. Agency is an entirely distinct theory of liability, and, under the circumstances of this case, ten years is too long a period to wait before raising it. We find no error in the lower court's refusal to allow the amendment to relate back, and we affirm.[3]
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 Fed.R.Civ.P. 15(c) provides in pertinent part:
 (c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.
 
 
 [2]
 Title 42 U.S.C. Sec. 2000e-5(f)(1) requires that any Title VII claim be filed within ninety days of receipt of the right-to-sue letter from the EEOC. Fluker's right-to-sue letter was received in December 1976
 
 
 [3]
 In view of our holding with respect to the relation-back issue, we do not reach Kenney's contention that the Title VII agency claims against him are barred due to Fluker's failure to name him in the charges filed with the EEOC in 1975. See e.g., Mickel v. South Carolina State Employment Service, 377 F.2d 239 (4th Cir.), cert. denied, 389 U.S. 877 (1967)